**Deano D. WILLIAMS, Plaintiff–Appellant,**

v.

**Randall P. OLLIS, et al., Defendants–Appellees.**

No. 01–2460.

United States Court of Appeals, Sixth Circuit.

July 26, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

Deano D. Williams, a.k.a. Hassan Muhammad, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Williams sued numerous

prison officials and employees in their individual and official capacities, alleging that the defendants retaliated against him and mistreated him after his transfer to the Alger Maximum Correctional Facility. The district court dismissed Williams's claims as meritless. On appeal, this court affirmed the district court's dismissal of Williams's claims, except for his First Amendment retaliation claim. This court remanded the case for consideration of that claim in light of this court's decision in *Thaddeus–X v. Blatter,* 175 F.3d 378, 387–88 (6th Cir.1999) (en banc). *Williams v. Ollis,* 230 F.3d 1361 (6th Cir.2000) (unpublished order).

On remand, the magistrate judge recommended that the defendants were entitled to qualified immunity on Williams's First Amendment retaliation claim. Over Williams's objections, the district court adopted the magistrate judge's report and recommendation, granted summary judgment for the defendants on Williams's remaining claim, and dismissed the case. In this timely appeal, Williams requests the appointment of counsel.

Upon review, we conclude that the district court properly granted summary judgment to the defendants. This court reviews de novo a district court order granting summary judgment. *Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000).

Although Williams raises numerous claims in his brief on appeal, all of his claims in essence argue that the district court improperly concluded that the defendants were entitled to qualified immunity on Williams's First Amendment retaliation claim. The affirmative defense of qualified immunity shields government officials from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.

*Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Gardenhire v. Schubert,* 205 F.3d 303, 310–11 (6th Cir.2000). When determining whether a right is "clearly established," the court must look to decisions of the Supreme Court, then to decisions of this court and other courts within our circuit, and finally to decisions of other circuits. *Gardenhire,* 205 F.3d at 311. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Gardenhire,* 205 F.3d at 311.

The law concerning a prisoner's retaliation claim was not "clearly established" prior to the *Thaddeus–X* en banc decision. In that decision, the court noted that this circuit previously had applied inconsistent analyses for these retaliation claims, often requiring a prisoner to demonstrate that the defendant's conduct "shocks the conscience." *Thaddeus–X,* 175 F.3d at 387–88. The court concluded that this analysis was in conflict with Supreme Court precedent and no longer the law of this circuit. *Id.* at 388. The court also noted that this conflicting case law was not unique to this circuit. *Id.* at 388 n. 4. This court has repeatedly referred to the *Thaddeus–X* decision as clarifying the law concerning retaliation claims. *Herron v. Harrison,* 203 F.3d 410, 414 (6th Cir.2000); *Shehee v. Luttrell,* 199 F.3d 295, 301 n. 5 (6th Cir. 1999); *Mattox v. City of Forest Park,* 183 F.3d 515, 521 (6th Cir.1999). Consequently, the analysis for retaliation claims, as set forth in *Thaddeus–X,* was not "clearly established" at the time of the defendants' alleged improper conduct in 1995 and 1996, and the district court properly concluded that they are entitled to qualified immunity for claims based on that decision.

Lastly, Williams argues in his reply brief that the defendants' conduct violated Michigan prison regulations. However, this court will not consider an argument raised for the first time in the appellant's reply brief. *United States v. Campbell,* 279 F.3d 392, 401 (6th Cir.2002). Additionally, the defendants' failure to comply with state prison administrative regulations does not defeat their entitlement to qualified immunity. *Gravely v. Madden,* 142 F.3d 345, 349 (6th Cir.1998).

Accordingly, this court denies Williams's request for counsel and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.